EDWARD R. KAZUPSKI, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kazupski v. Commissioner
Docket No. 6601-80
United States Tax Court
T.C. Memo 1982-182; 1982 Tax Ct. Memo LEXIS 565; 43 T.C.M. (CCH) 1024; T.C.M. (RIA) 82182; April 8, 1982. Mavis Hamilton, for the petitioners. David D. Baier, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Darrell D. Hallett pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *566 OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: The issue for decision is whether petitioner is entitled to a deduction for real property taxes and mortgage interest arising out of a residence deeded to petitioner's ex-wife in connection with a divorce decree. The facts in this case are fully stipulated. The stipulation of facts and first supplemental stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Chicago, Illinois when he filed his petition in this case. On June 3, 1975, petitioner was divorced. The divorce decree provided that petitioner was to pay his ex-wife $ 400 per month "as and for child support" for the parties' five minor children, and $ 100 per month "as and for alimony". The decree further directed that petitioner was to execute and deliver to his ex-wife a quit claim deed conveying his entire title and interest in the former martial residence to petitioner's ex-wife. The decree provided that after petitioner's conveyance of his interest in the home, his ex-wife "shall be solely responsible for payment of monthly installments on the mortgage on said marital home, including *567 principal, interest, taxes and insurance. However [petitioner] shall be solely entitled to claim deductions on his Federal and state income tax returns for all real estate taxes, and interest paid on the mortgage of the marital home." Finally, the decree recited that the parties were in agreement that petitioner was to retain an "equitable ownership and interest" in this real estate, and that upon any future sale of the real estate petitioner would be entitled to 50 percent of the net proceeds of the sale, after the first $ 2,000 was paid to his ex-wife. However, the decree provided that the decision as to whether and when to sell was at the sole option of petitioner's ex-wife, and that, until such sale, petitioner and his ex-wife would be jointly responsible for maintenance, repairs, and improvements to the home in excess of $ 100 (with petitioner's ex-wife responsible for the payment of these expenses that are less than $ 100). During the tax year 1977, and pursuant to the decree of divorce, petitioner paid $ 4,800 in child support and $ 1,200 in alimony to his former wife. During the year, petitioner's ex-wife made all of the monthly payments of principal and interest on the *568 mortgage on the former martial residence and she made the deposits into the insurance and real estate tax reserve accounts maintained in connection with the mortgage. One of the available sources of funds for these payments by petitioner's ex-wife was the alimony and child support paid by petitioner to her. Interest paid on the mortgage during the year 1977 amounted to $ 1,223.16. The 1977 real estate taxes amounted to $ 710.36 and were paid out of the real estate tax reserve account. On his 1977 return, petitioner claimed a deduction for the interest and real estate taxes paid with respect to the former marital residence. Respondent disallowed the deductions in their entirety. Respondent argues that the interest is not deductible to petitioner because he was not liable on the mortgage that gave rise to the interest. Respondent contends that this is the case because of the provision in the divorce decree, which incorporated a settlement agreement between the parties, providing that petitioner's ex-wife would be "solely responsible for payment of monthly installments on the mortgage." We disagree. In Pearson v. Smith,1 Ill. App.3d 390, 273 N.E. 2d 179 (1971), *569 the Illinois Supreme Court held that, under Illinois law, an agreement between a mortgagor and his grantee to the effect that the grantee assumes responsibility for payment of the mortgage does not effect the mortgagor's liability to the mortgagee. Absent the mortgagee's participation in the arrangement between the mortgagor and his grantee, the original mortgagor remains liable on the mortgage, and, in case of default on the mortgage, the mortgagee can look to either the mortgagor or his grantee for payment. Accordingly, the agreement between petitioner and his ex-wife clearly did not operate to relieve petitioner of his liability to the bank for the mortgage indebtedness. However, the fact that petitioner remained liable on the mortgage does not mean that he is entitled to deduct the interest payments involved. A deduction with respect to interest arising out of a joint obligation of a taxpayer and another party is only allowable to the taxpayer to the extent he makes payment of the interest *570 out of his own funds. See, Finney v. Commissioner,T.C. Memo. 1976-329, and authorities cited therein. In Finney, a case relied upon by petitioner in this case, petitioner and his ex-wife were separated during the taxable year 1971, and held a residence as tenants by the entirety during that year. Although the mortgage interest payments were nominally made by petitioner's ex-wife, we concluded that petitioner-husband had satisfied his burden of proving that the funds used to make the interest payments were his funds, and he was therefore entitled to the deduction. However, in reaching this conclusion we relied upon a stipulation entered into between respondent, petitioner-husband and petitioner-wife that the funds used to make the interest payments were supplied by petitioner-husband. Another case dealing with this issue is Kohlsaat v. Commissioner,40 B.T.A. 528 (1939). In Kohlsaat, we likewise concluded that petitioner-husband was entitled to a deduction for mortgage interest payments made with respect to a former marital residence even though the payments were nominally made by petitioner's ex-wife. However, in that case the divorce *571 decree provided that in addition to petitioner's obligation to make monthly alimony payments to his ex-wife, he was directed to pay $ 225 per month to his ex-wife and she was directed to use these funds to make the mortgage payments. Because of these circumstances, we concluded (Kohlsaat,supra at 534) "No part of the $ 225 monthly payments represented alimony or any 'allowance' to the wife. She could not use the funds for any other purpose than to pay carrying charges on the mortgaged property and to reduce the principal mortgage debt. In doing so she acted as agent or trustee for the petitioner * * *." In contrast to the situation involved in Kohlsaat, the divorce decree involved here did not provide for the payment of funds for petitioner's ex-wife to use in making the mortgage payments, in addition to the alimony and child support payments. Rather, the decree simply provided that petitioner was to pay his ex-wife $ 400 per month child support, and $ 100 per month alimony. There is absolutely no ambiguity on the face of the decree that these monies were intended by the parties to be what they purport to be, namely, alimony and child support. The decree does *572 provide that petitioner's ex-wife "shall be solely responsible for payment of the monthly installments on the mortgage" but it does not impose an obligation upon her to use the alimony and child support payments for this purpose. Further, unlike the situation in Finney,supra, it has not been stipulated that the funds used by petitioner's ex-wife to make the interest payments were petitioner's funds. Rather, it is simply stipulated that "one of the available sources of funds for these payments was the alimony and child support paid to [petitioner's] former wife." Since there is no further evidence that petitioner's funds were in fact used to make these payments, and the burden of proof is upon him to establish that it was in fact his funds that were used to make the payments (Rule 142, Tax Court Rules of Practice and Procedure; Finney v. Commissioner,supra), we must conclude that petitioner is not entitled to the deduction claimed because he has not established that the payments were made with his funds. Under the authority cited above, the real estate taxes, like the interest payments on the mortgage, are not deductible to petitioner unless *573 he establishes that he paid the taxes. It has been stipulated that the real estate taxes were paid out of a reserve account, which in turn was funded by the monthly mortgage payments. According, we conclude that petitioner has failed to prove that the real estate taxes were paid with his funds. [1]
*574 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
1. Since we conclude the deduction for taxes is disallowable on these grounds, we need not resolve the additional issue as to whether petitioner is an "owner" of the property. Respondent correctly points out that in order to be entitled to a deduction for real estate taxes, the taxes must both be paid by the taxpayer and be imposed upon him by the local taxing authorities as a property owner. Kohlsaat v. Commissioner,40 B.T.A. 528↩ (1939). In this case, although pursuant to the divorce decree, petitioner executed a quit claim deed purporting to transfer all of his interest and legal ownership to his ex-wife, the decree recites that petitioner retained an "equitable interest" in the real estate in connection with his right to participate in the net proceeds of any future sale. Whether this "equitable interest" would make petitioner an "owner" for purposes of qualifying for the real estate tax deduction we need not decide.